# Weglein v. Golder

*Ulric J. Mengert* and *Robert T. McCracken*, for plaintiff.
*Francis McAdams* and *Otto Krause, Jr.*, for defendants.

GORDON, JR., J., March 5, 1934.—The motion for a new trial in this case was refused because the court was of opinion, after a careful consideration of the many exceptions which were made the basis of the motion, that the record disclosed no substantial error in the trial; that the case was submitted to the jury in a fair and impartial charge, which correctly and adequately covered the law and the facts of the case; and that the verdict was supported by the evidence presented. To review and discuss in detail the more than 150 reasons assigned for a new trial would require an opinion many times greater in length than the 20 pages covered by the charge, which concisely stated the issues raised and the law of libel as applicable to them, and to which reference is made for our views of the many legal questions raised by the motion.

In the course of a political campaign, the defendant delivered two addresses over the radio, one of which was made the principal basis of the charge of libel in this suit. The defendant prepared the address in writing and sent it to the newspapers of the City of Philadelphia for publication shortly before he delivered it over the radio. There is no evidence that it was actually published by the newspapers, but, in the opinion of the court, this delivery of it to the papers was a technical publication of the alleged libel. In addition, the speech was read by the defendant over the radio, with resultant widespread dissemination of the libelous article. The statement of claim sounded in both libel and slander, and we think that, in view of the circumstances of its pre-

liminary delivery to the newspapers in written form and its being subsequently read to the public over the radio by the defendant, the trial judge committed no error when he confined the jury to a consideration of the case as one of libel alone, rather than of both libel and slander. At least, it resulted in no harm to the defendant, for it eliminated one possible ground of recovery against him.

The trial court correctly instructed the jury that the article in question was privileged, but that they might find from the circumstances of its publication and the nature of the article itself that it bore inherent evidence of malice and thus lost its character as a privileged communication. Indeed, a mere reading of the publication discloses the studied and deliberate character of its charges, and would support the conclusion that malice prompted its composition. It charged, inter alia, the commission of specific crimes by the plaintiff. For example (after reading the act of assembly relating to the crime of taking deposits by a banker at a time when he knows his bank to be insolvent), the defendant said:

"If you are indicted for this offense, how would you answer? You know that you permitted thousands of depositors to place their money in your bank at a time when it was hopelessly insolvent. You knew, as president of this bank, that while those who were your friends were placing their money in your trust, they would never get it out. . . . Mr. Weglein, I promise to make the issue clear. I shall make the issue clear. I have made my charges in the open against you, and all those who are attempting to throttle the will of the people.

"I am willing to risk my personal, political, and professional career upon my statements. I shall attempt to avoid no responsibility. I now charge that you as president of Jefferson Title & Trust Company received money from depositors while the bank was insolvent. You control Magistrate Roberts, who has the power to issue a warrant; you control Deputy Sheriff Morris, who has the right to serve that warrant and place me under arrest. You control the assistant district attorney who can prosecute me if indicted.

"I challenge you to let the truth be known. I stand prepared to risk my all upon the truth of my charges.

"Are you willing to back up your statement that I lied?

"The issue is now clear. Let the people judge. I have been fighting in the open. You have been hiding in the dark.

"You control the machinery by which my arrest can be brought about immediately. Will you accept the challenge of truth?"

The foregoing extract from the libelous publication indicates the studied and deliberate nature of its charges; it invited prosecution of the defendant for libel, characterized his allegations as "charges", declared his full realization of their gravity and his responsibility for their publication, and promised to defend any prosecution that might be instituted by proof of the truth of his charges. Reading the article as a whole, the jury was fully justified, in our opinion, in finding that it bore inherent evidence of malice and thus lost the privilege which it otherwise would have had as a publication, in a political campaign, of a discussion of the fitness of a candidate for electoral support.

Although the defense of reasonable and probable cause was incidentally presented at the trial and was correctly submitted to the jury in the charge, the real defense in the case, and the one which was given such prominence as to make it appear exclusive, was the truth of the charges. This defense presented a clear-cut issue of fact for the jury, which was correctly and impartially sub-

mitted to it, and we cannot say that the jury's decision was unsupported by the evidence.

We see no error in the action of the trial judge in declining to permit the defendant to state the information which he had received, and which he claimed was the basis of the alleged libel. Libelous charges cannot be supported by such obvious hearsay; otherwise, common rumor and slanderous gossip could be made the basis of successful and irresponsible defamation of character. The information on which one acts should be produced, not one's report and interpretation of it, so that malice and probable cause can be judged by an examination of the cause itself, rather than of what may be said to be the cause. We think, therefore, that the court's ruling upon this point was correct. In addition, any error there might have been in the ruling became harmless when the defendant actually produced the evidence and information upon which he claimed to have acted in formulating and publishing the alleged libel.

We have carefully considered the defendant's complaint that the trial judge displayed bias and prejudice against him, and are unable to agree with this contention. We do not think that the trial judge exceeded the limits of his discretion in the part he took in the trial. Indeed, considering the nature of the case, the length of the trial, and the feeling exhibited by both sides in the course of it, the trial judge could well have taken a much greater part in the examination of witnesses than he did, without exceeding the limits of judicial propriety. This complaint is altogether without merit, in our judgment.

While the amount of the verdict, in view of the character of the case, was far from inadequate, for the jury might have considered a nominal verdict sufficient as a vindication of the plaintiff from the libelous charges made against him, we cannot say that it was excessive or shocked our conscience. In matters involving libels, especially of this character, the judgment of the jury, unless grossly excessive, should prevail.

The defendant had a fair and impartial trial. As he promised in the libelous article, he staked his defense upon an effort to prove the truth of his charges. In this he failed, and we saw no error in the record which justified our granting a new trial.